UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL BACKER,<br><br>       Plaintiff,<br><br>   -against-<br><br>WIEBE DRAIJER; COÖPERATIEVE RABOBANK U.A.; MILBANK, TWEED, HADLEY & McCLOY; UTRECHT-AMERICA HOLDINGS, INC.; RABOBANK NEDERLAND NEW YORK BRANCH; RABO SECURITIES USA, INC.; RABOBANK N.A.; MARK BORRECCO; DAVID R. GELFAND; RAJIV SINGH; ANDREW SHERMAN; JOHN DOE 1-5<br><br>       Defendants. | No. 17-cv-9907<br><br>Removed from the Supreme Court of the State of New York, New York County, Index No. 101697-17<br><br>**NOTICE OF REMOVAL** |

TO: THE CLERK OF THE UNITED STATES DISTRICT COURT
   FOR THE SOUTHERN DISTRICT OF NEW YORK

   Defendant Coöperatieve Rabobank U.A. ("Rabobank"), by and through its undersigned counsel, hereby removes the above-captioned action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1441(a), (c).  This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This Notice of Removal is not intended and should not be construed as constituting the general appearance of Rabobank in this matter. Rabobank reserves all of its rights, including its right to contest personal jurisdiction of the United States District Court for the Southern District of New York over Rabobank with respect to all claims removed pursuant to this Notice.

I.      **SUMMARY OF COMPLAINT**

1. On November 30, 2017, *pro se* Plaintiff Paul Backer (an attorney) commenced the above-captioned action in the Supreme Court of the State of New York, County of New York (the "State Action"). A copy of Plaintiff's Complaint is attached hereto as **Exhibit A**.

2. The Complaint purports to assert claims for "abuse of process," and, in the alternative, "prima facie tort." Compl. ¶¶ 131-135, 137-142.

3. The Complaint's abuse of process claim alleges that Defendants "abused . . . motions under the Federal Rules of Civil Procedure" for a "collateral purpose," Compl. ¶ 9, in a separate action filed by Plaintiff in the Southern District of New York, captioned *Backer v. USD 30 Billion MTN Programme, et al.*, and bearing index number 16-cv-6577-PGG (the "Federal Action"). The Complaint alleges that Defendants' "collateral purpose" in the Federal Action was "[to] extort, materially and irreparably damage Plaintiff to force him to drop Rabobank Suit, punish Plaintiff for Whistleblowing, suppress Whistleblowing by Plaintiff and others, undermine regulatory and enforcement agencies." Compl. ¶ 9.

4. The Complaint's prima facie tort claim is premised on the same allegations as its abuse of process claim. *See id.* ¶ 136; *compare, e.g., id.* ¶¶ 131-135, *with id.* ¶¶ 138-142.

5. For relief, Plaintiff seeks "[c]ompensatory damages in an amount to be proven at trial," Compl. ¶ 143, "[p]unitive damages in an amount to be determined by the jury," *id.* ¶ 144, "reasonable costs and expenses incurred as a result of Defendants' abuse of process" and costs and expenses "incurred in bringing this lawsuit," *id.* ¶¶ 145-46.

6. Defendants' time to respond to the Complaint has not expired, and no Defendant has served or filed an answer in the State Action.

7. No motions or other proceedings are pending in the State Action.

8. The Federal Action underlying the Complaint's abuse of process and prima facie tort claims is an ongoing suit brought by Plaintiff against over sixty defendants, including defendants named in the instant action.[1]

9. On September 30, 2017, The Honorable Paul G. Gardephe entered an order in the Federal Action granting defendants' motion to dismiss, denying Plaintiff leave to file a proposed second amended complaint, and denying defendants' motion for sanctions. *See* Federal Action, ECF No. 74 (the "Order").

10. On October 13, 2017, Plaintiff filed a motion to vacate the Order and for recusal of Judge Gardephe (the "Motion to Vacate"). *See* Federal Action, ECF Nos. 76, 77.

11. Defendants filed an opposition to the Motion to Vacate. *See* Federal Action, ECF No. 79. The Motion to Vacate remains pending before Judge Gardephe.

12. Additionally, on October 27, 2017, Plaintiff initiated an appeal of the Order with the U.S. Court of Appeals for the Second Circuit, captioned *Backer v. USD 30 Billion MTN Programme*, and bearing index number 17-3492.

13. On December 6, 2017, the Second Circuit issued an "Initial Notice of Stay of Appeal" staying the appeal pending resolution of Plaintiff's Motion to Vacate. Appeal Case No. 17-3492, ECF No. 25.

**II. THIS COURT HAS ORIGINAL, FEDERAL QUESTION JURISDICTION**

14. An action arises under federal law if the complaint establishes "that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire*

---

[1] Defendants Wiebe Draijer, Coöperatieve Rabobank U.A., Rabobank Nederland New York Branch, Rabo Securities USA, Inc., Rabobank N.A., Mark Borrecco, Rajiv Singh, and Andrew Sherman are named as defendants in Plaintiff's Amended Complaint filed in the Federal Action, *see* Federal Action, ECF No. 18, and Plaintiff sought leave to add Defendants Milbank, Tweed, Hadley & McCloy, Utrecht-America Holdings, Inc., and David R. Gelfand, in proposed amendments to his complaint, *see* Federal Action, ECF No. 36-1. The federal court denied Plaintiff leave to amend his complaint. *See* Federal Action, ECF No. 74 at 18.

3

*Healthchoice Assurance, Inc v. McVeigh*, 547 U.S. 677, 690 (2006) (internal citations omitted); *see also In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 399 F. Supp. 2d 340, 345 (S.D.N.Y. 2005) ("A case 'arises under' federal law when federal law provides for the cause of action, or where the vindication of a right turns on some construction of federal law.") (internal quotation marks omitted). This Court has jurisdiction over the State Action because Plaintiff's claims depend on the resolution of questions of federal law.

### A. Plaintiff's Claims Arise Under Federal Law Because They Require Construction of the Federal Rules of Civil Procedure.

15. Plaintiff's abuse of process and prima facie tort claims both rest on alleged abuses of the Federal Rules of Civil Procedure. *See* Compl. ¶ 9 ("Defendants abused legal process, motions under the Federal Rules of Civil Procedure, . . ."); *see also id.* ¶ 94 (alleging that Plaintiff will provide legal argument that "Defendants' motion practice under the [Federal] Rules [of Civil Procedure] was legal process").

16. Accordingly, Plaintiff's State Action is removable to federal court because Plaintiff's claims raise questions that require interpretation and application of federal law. *See MTBE Prods. Liab. Litig.*, 399 F. Supp. 2d at 345.

### B. Plaintiff's Abuse of Process Claim Is Also Removable Because it Is Based on Alleged Abuses In Connection With the Pending Federal Action.

17. Plaintiff's abuse of process claim involves alleged abuse of process arising out of, and involving the same subject matter as, the ongoing Federal Action.

18. In fact, the State Court action involves many of the same allegations at issue in the Federal Action. For example, Plaintiff claims in both actions that defendants "abused

4

process" for the alleged purpose of punishing Plaintiff for purported "whistleblowing."[2]  The state and federal courts could, therefore, render irreconcilable decisions.

19.    Accordingly, the State Action is removable to federal court.  *See, e.g.*, *Nationwide Charters & Conventions, Inc. v. Garber*, 254 F. Supp. 85, 87-88 (D. Mass. 1966) (denying motion to remand abuse of process claim to state court because the claim was "based on the same conduct and put in issue the same facts" as an ongoing federal action); *see also Berisic v. Winckelman*, 03-cv-1810-NRB, 2003 WL 21714930, at *3 (S.D.N.Y. July 23, 2003) (observing that the court in *Nationwide* found removal appropriate because "the federal case was still pending and thus the state abuse of process claim in *Nationwide* was 'based on the same conduct and put in issue the same facts'" as the federal case; observing, further, that, because the federal action was ongoing, "separate state and federal decisions could be irreconcilable.") (quoting *Nationwide*, 254 F. Supp. at 87).

### C.    Plaintiff's Claims Are Premised on "Whistleblower" Allegations That Arise Under Federal Law.

20.    In addition, the Complaint alleges whistleblower violations arising under federal law.  Plaintiff's abuse of process and prima facie tort claims both rely on allegations that Defendants "suppress[ed] and punish[ed] whistleblowing."  *See* Compl. ¶¶ 4, 5, 9, 20, 22, 81, 111, 121, 127, 133-135, 137-142.  The Complaint does not base these allegations on any state law, as it contains no reference to any state whistleblower statute under New York law.  Instead,

---

[2]    *Compare* Motion to Vacate, Federal Action, ECF No. 76 ¶ 6(p) (arguing that Judge Gardephe never "[a]cknowledged documented abuse of process by the Rabobank Affiliated Defendants and their counsel Mr. David R. Gelfand and Milbank, Tweed, Hadley & McCloy explicitly to punish the Pro Se Plaintiff as a whistleblower and regulatory reporter and to suppress regulatory reporting and whistleblowing"), *with* Compl. ¶ 9 ("Defendants abused legal process, motions under the Federal Rules of Civil Procedure . . . for primary purpose of achieving objectives unrelated to motion practice under the Rules to achieve a collateral purpose beyond those allowed by motions: extort, materially and irreparably damage Plaintiff to force him to drop Rabobank Suit, punish Plaintiff for Whistleblowing, suppress Whistleblowing by Plaintiff and others, undermine regulatory and enforcement agencies.").

the Complaint appears to be asserting in the State Action the same whistleblower allegations under 15 U.S.C. § 78u-6 that Judge Gardephe declined to allow Plaintiff to assert in the Federal Action, as the whistleblower claims in both actions involve the same allegations.[3]  *See* Federal Action, ECF No. 74 at 16 n.13 (declining to consider Plaintiff's claim that "Defendants violated the whistleblower provision of 15 U.S.C. § 78u-6" because "this argument [wa]s raised for the first time in a reply").

21.  Plaintiff does not cite a federal whistleblower statute in his Complaint (nor does he cite a whistleblower statute under New York state law).  Plaintiff cannot, however, avoid removal by omitting reference to the federal statute underlying his claim.  *See Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 271 (2d Cir. 2005) (plaintiff "may not defeat federal subject-matter jurisdiction by 'artfully pleading' his complaint as if it arises under state law where the plaintiff's suit is, in essence, based on federal law.").

### III.  DEFENDANT MEETS THE OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL

22.  Counsel for Defendant Rabobank—Milbank, Tweed, Hadley & McCloy LLP—obtained an electronic copy of the Complaint filed in the State Action on December 6, 2017.  This Notice of Removal is being filed within thirty (30) days of Defendant Rabobank's receipt of the Complaint and thus is timely filed under 28 U.S.C. § 1446(b).

23.  This action is removable under 28 U.S.C. § 1446(a) because this Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331, which provides that "district

---

[3]  *Compare, e.g.*, Reply Mem. of Law, Federal Action, ECF No. 41, at 13 ("Gelfand, Milbank . . . litigate for sanctions with the express purpose of punishing and stifling whistleblowing.") *and* Letter from Plaintiff to Judge Gardephe, Federal Action, ECF No. 73 ("Mr. Wiebe Draijer leads litigation to financially ruin the Pro Se Plaintiff explicitly to punish him for regulatory reporting and whistle-blowing") *with* Compl. ¶ 4 ("Draijer led Defendants in using Rabobank's trillion dollar resources to suppress and punish whistleblowing.").

courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

24. In accordance with the provisions of 28 U.S.C. 1441, *et seq.*, this Notice of Removal is being filed in the United States District Court for the Southern District of New York, which is the judicial district in which the State Action is pending.

25. Promptly upon the filing of this Notice of Removal, a true copy of this Notice of Removal will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d). Pursuant to Rule 5(d) of the Federal Rules of Civil Procedure, Defendant will file with this Court a Certificate of Service of notice to the parties of removal to federal court.

26. Promptly upon the filing of this Notice of Removal, Defendant will file a Notice of Filing of the Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York, in accordance with 28 U.S.C. § 1446(d).

27. As of the date of this filing, Defendant Rabobank has not been served with a Summons and Complaint. Upon information and belief, no other defendant has been served with a Summons and Complaint in the State Action. Accordingly, consent to removal of the action by other named defendants is not required pursuant to 28 U.S.C. § 1446(b)(2)(A). *See Kane v. St. Raymond's Roman Catholic Church*, 14-cv-7028-AJN, 2015 WL 4270757, at *4 (S.D.N.Y. July 13, 2015) (the sole served defendant was the "only defendant whose consent was required to file the notice of removal"); *see also Ragusa v. Rain Bird Corp.*, 14-cv-3772-GHW, 2014 WL 4277646, at *1 (S.D.N.Y. Aug. 29, 2014) (it is "well-established that an exception to the unanimity rule exists where the non-joining defendants have not been served with service of process at the time the removal petition is filed") (citations and quotation marks omitted).

28. By filing this Notice of Removal, Rabobank does not waive any defenses that may be available to it, including, without limitation, any defenses relating to service, process, and personal jurisdiction, and does not concede that the allegations in the Complaint state a valid claim under any applicable law.

### IV.     NOTICE REGARDING RELATED CASE

29. As discussed *supra*, Plaintiff's allegations directly reference and relate to alleged conduct taken in a related proceeding before The Honorable Paul G. Gardephe under the caption *Backer v. USD 30 Billion MTN Programme, et al.*, 16-cv-6577-PGG (S.D.N.Y.). In the interest of judicial efficiency, Rabobank will file, in addition to this Notice of Removal, a request pursuant to Local Rule 1.6 that this action be assigned to The Honorable Judge G. Gardephe, as related to *Backer v. USD 30 Billion MTN Programme, et al.*, 16-cv-6577-PGG (S.D.N.Y.).

### V.     CONCLUSION

30. Rabobank respectfully requests that the Court assume full jurisdiction over this action as if Plaintiff had originally filed his claims in this Court and that the above-captioned action be removed from the Supreme Court of the State of New York, County of New York, to this honorable Court.

Dated:   New York, New York
         December 19, 2017

MILBANK, TWEED, HADLEY & MCCLOY LLP

By: /s/ Mark D. Villaverde

   Mark D. Villaverde
   28 Liberty Street
   New York, New York 10005-1413
   (212) 530-5000
   (212) 822-5219 (facsimile)
   mvillaverde@milbank.com

   *Attorneys for Defendant Coöperatieve Rabobank U.A.*

8

**CERTIFICATE OF SERVICE
ON ADVERSE PARTIES PURSUANT TO 28 U.S.C. § 1446(d)**

I certify that on December 19, 2017, true and correct copies of the foregoing Notice of Removal was served on Plaintiff Paul Backer by Federal Express at the following address: 2578 Broadway, Suite 158, New York City, NY 10025.

Dated:  December 19, 2017

By:   /s/ Mark D. Villaverde